IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 MJ 17 WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | ORDER |
| vs. | ) | |
| | ) | NDGA File Numbers |
| TERRENCE TURNER | ) | 1:02-CR-699 |
| | ) | 1:03-CR-13 |
| Defendant. | ) | 1:03-CR-445 |
| _____ | ) | 1:05-CR-34 |

This matter came before the Court on March 8, 2023 pursuant to Rule 40 of the Federal Rules of Criminal Procedure following Defendant's arrest on a Warrant for Arrest for Violation of the Conditions of Bond issued by the United States District Court for the Northern District of Georgia.

I. Background

The information of record indicates that a Petition for Action on Conditions of Pretrial Release ("Petition") was filed in the Northern District of Georgia on December 23, 2019. Doc. 1. That document states that Defendant "was placed under pretrial release supervision for the offenses of Possession of a Firearm by Convicted Felon (1:02-CR-00699-04), Misprision of a Felony (1:03-CR-00013-01-CAP), Escape from Institutional Facility (1:03-CR-00445-01), and Using Handgun in Crime of Violence (1:05-CR-00034-01) by the Honorable Janet F. King sitting in the Court at Atlanta, on November 22, 2019...."

1

The Petition alleges that Defendant violated his conditions of release on or about November 22, 2019 by submitting a positive drug test and on December 13, 2019 by removing a location monitoring tracking device from his ankle and leaving his residence without permission such that his whereabouts were unknown.

## II. The Proceedings on March 8, 2023

The Government was represented by Assistant United States Attorney Chris Hess. Assistant Federal Public Defender Fredilyn Sison appeared with Defendant.

Rule 40 of the Federal Rules of Criminal Procedure requires that a person who has been arrested under a warrant issued in another district 1) for failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena or 2) for violating the conditions of release set in another district appear before a magistrate judge in the district of arrest. Fed. R. Crim. P. 40(a). The court must then conduct proceedings pursuant to Rule 5(c)(3) as applicable and may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Fed. R. Crim. P. 40(b), (c).

During the proceedings on March 8, 2023, Defendant was advised of his right not to make a statement and that any statement made may be used

against him and was given other information, including information regarding the pending charges.

Defendant requested that counsel be appointed for him and submitted a supporting financial affidavit. Defendant's request was granted, Ms. Sison was appointed to represent him during the hearing, and Defendant was given a reasonable opportunity to consult with her.

Defendant waived an identity hearing and confirmed that he is the person named in the warrant.

The Court did not conduct a preliminary hearing and otherwise made no finding regarding whether there is probable cause to believe that Defendant committed the alleged violations, as those determinations are more appropriately reserved for the court in the charging district. See United States v. Jaitly, No. 09-644-M, 2009 WL 1675086 (E.D. Pa. June 15, 2009).

### III. Detention

The Government orally moved that Defendant be detained while he is transported to the Northern District of Georgia for further proceedings. Defendant did not object to the Government's request.

Since the relief sought by the Government – placing Defendant in the custody of the United States Marshal's Service – would at least temporarily modify the conditions of his release, the Court has considered, pursuant to Rule 40(c), whether such a change is appropriate. See e.g., United States v.

3

Garraway, No. 4:22-MJ-2432, 2022 WL 14752697, at *1 (S.D. Tex. Oct. 25, 2022) citing United States v. Fellows, No. 1:21-MJ-0314, 2021 WL 3025741, *3 (N.D. N.Y. June 23, 2021) ("The Government's motion would require the Court to modify the conditions of Garraway's release on bond. Because the Government's motion would require a change, temporary revocation, of the conditions of release, on October 20, 2022, the Court conducted a detention hearing under Rule 40(c))."

As described above, the record indicates that Defendant was released on conditions on November 22, 2019 and that he shortly thereafter provided a drug screen that tested positive for marijuana and removed his tracking device and left his residence without permission. His whereabouts were then unknown, and it appears that he has remained out of custody since that time. Further, as stated, Defendant does not object to the Government's motion.

Under these circumstances, the undersigned concludes that the modification of Defendant's conditions of release is warranted and therefore will allow the Government's request to that effect.

**IT IS THEREFORE ORDERED THAT** the Government's oral motion is **GRANTED,** and Defendant is **REMANDED** to the custody of the United States Marshal's Service to be transported to the Northern District of Georgia for further proceedings.

Signed: March 8, 2023

W. Carleton Metcalf
United States Magistrate Judge